## Edwin R. Yale *versus* The Hampden and Berkshire Turnpike Corporation.

Under *St.* 1804, *c.* 125, § 6, [Revised Stat. *c.* 39, § 42,] a turnpike corporation is liable for damage sustained by a traveller in consequence of a defect in the road, although the defect was a latent one, and the corporation used due diligence to discover defects, and keep the road in repair.

This was an action on the *case* under the *St.* 1804, *c.* 125, § 6, providing that a turnpike corporation " shall be liable to pay all damages which may happen to any person from whom toll is demandable, for any damages which shall arise from defect of bridges, or want of repair of said turnpike road."

At the trial, before *Wilde* J., it appeared, that on the 25th of December, 1834, while the horses and wagon of the plaintiff were passing over the road of the defendants, one of the horses fell, and it was found that his foot was in a hole in the road, from which it was extricated with difficulty ; and that this accident occasioned some expense to the plaintiff, the horse having been rendered lame thereby.

The defendants offered to prove, that the road was originally well constructed and had been constantly kept in good repair ; that they employed an agent, who had constant supervision over that part of the road where the accident happened ; that a person employed by him to watch the state of the road, had passed over it a few minutes before the accident happened, and discovered no defect therein ; that there had been a heavy rain a short time before, and during the night immediately preceding the day on which the accident happened, the ground had been frozen hard ; that the horse's foot must have broken through the frozen surface and formed the hole ; that the defect was occasioned by the action of the elements ; and that the accident happened to the plaintiff without the fault or neglect of the defendants.

This evidence was rejected, and it was ruled, that if the plaintiff was passing over the road and was liable to pay toll, and the injury happened in consequence of a defect in the road, the defendants were liable, although there was no negligence on their part.

The defendants excepted

The case was argued in writing.

*Knox, Chapman* and *Ashmun,* for the defendants.   A turn-pike corporation is not liable except for damages happening through *its fault or neglect.*   The words of the statute are, " damages which shall arise from defect of bridges or want of repair of said turnpike road."   This does not mean damages arising from a *defect* of the road, unless that defect is occasioned by *want of repair.*   The legislature has applied the term, *defect,* to bridges, and the term, *want of repair,* to roads ; and therefore does not use them as convertible terms. The statute then does not sustain the ruling of the judge.   But what is meant by *want of repair ?*   If the defendants are bound by the statute to keep their road at all times free from defects of every kind, so that it shall be always perfectly safe for travellers, the statute requires what is absolutely impossible. The term " want of repair " is not applicable to defects of the nature of the one in question ; for they cannot be repaired, till a change of the season makes the repairs.   The corporation cannot prevent their existence.   The meaning of the phrase " want of repair," may be inferred from the fact, that the same section of the statute makes the corporation liable to *indictment* for not keeping the road in repair.   They are liable for damages only when liable to indictment.   But it cannot be pretended, that they are liable to indictment unless when guilty of neglect.

*W. G. Bates* and *Leonard,* for the plaintiff, cited Buller's N. P. 73 ; *Randall* v. *Cheshire Turnp. Corp.* 6 New Hamp. R. 147 ; *Smith* v. *Smith,* 2 Pick. 621 ; *Leame* v. *Bray,* 3 East, 593 ; *Williams* v. *Hingham & Quincy Turnp. Corp.* 4 Pick. 341.

Shaw C. J. drew up the opinion of the Court.   It appears by the report, that the plaintiff's horse, whilst travelling on the defendants' turnpike road, the plaintiff having paid toll or being liable to pay toll, broke through a defective place in the surface of the road, and thereby sustained some damage.   The defendants offered to prove, that the road was originally well and thoroughly made, and that they used all due diligence to discover defects and keep the road in repair ; from which it would result, that the defect was a latent one, not discoverable by

Yale
*v.*
Hampden
and
Berkshire
Turnp Corp

care and diligent superintendence. The evidence of these facts was rejected, on the ground, that if proved, they would not amount to a legal defence ; and the question for the Court is, whether these facts, if proved, would show a good defence

It is proper, in the outset, to distinguish between the legal liability of turnpike corporations and that of towns. The lan guage, as well as the policy, of the law differs essentially in the two cases. The provision of the general turnpike act, *St.* 1804, *c.* 125, § 6, is this ; " and the said corporation shall be liable to pay all damages which may happen to any person from whom toll is demandable, for any damages which shall arise from defect of bridges or want of repair of said turnpike road." The Court are of opinion, that by this act it was intended to provide, that whenever the traveller himself is not chargeable with negligence or rashness, but where from an unforeseen cause the road is actually defective and in want of repair, and an accident occurs without the default of either party, the company should be held liable. It is founded on the consideration, that the toll is an adequate compensation for the risk assumed, and that by throwing the risk upon those who have the best means of taking precautions against it, the public will have the greatest security against actual damage and loss. This is also the most literal and natural construction of the words of the statute. It makes the company liable to all those from whom toll is demandable, for the damages arising from the defect of bridges and want of repair of the turnpike road, without regard to the cause of such unsafe condition. This construction of the statute is not likely to expose turnpike corporations to any extraordinary burden, because if there be a bridge broken down or a chasm made by floods, or other open and visible obstruc- tion, and the traveller through his own negligence or rashness should fall in and suffer damage, such damage would be at- tributable to himself, and could not be said to arise from want of repair in the road.

*Exceptions overruled, and judgment on the verdict for the plaintiff*